NOTE: CHANGES MADE BY THE COURT

JS-6

# UNITED STATES DISTRICT COURT
# CENTAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA BLOUNT, an individual;<br><br>    Plaintiff,<br>v.<br><br>COLGATE-PALMOLIVE COMPANY, et al.<br><br>    Defendants. | CASE NO. 2:16-cv-08048-AB (KS)<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO REMAND AND FOR AN AWARD OF COSTS INCURRED**<br><br>Complaint Filed: April 20, 2016<br>Trial Date: None Set |

Having considered Plaintiff's E*x Parte* Motion to Remand And For An Award of Costs Incurred, and the Opposition of Defendant Colgate-Palmolive Company, the Court **GRANTS the Application and REMANDS** this case as follows:

(1) *Ex parte* relief is justified based on the failing health of Plaintiff Anna Blount. There is "a threat of immediate or irreparable injury" if this matter is not heard on *ex parte* basis. If Blount passes away before trial, any recovery of

damages for his pain and suffering will be precluded by California law, resulting in the loss of a significant and important remedial right. Cal. Code. Civ. Proc. § 377.34; see also *County of Los Angeles v. Superior Court*, 21 Cal.App.4th 292, 295-96 (1999).

(2) Plaintiff Anna Blount's *Ex Parte* Motion to Remand is **GRANTED, and this action is hereby remanded to the Los Angeles Superior Court.** This Court lacks subject-matter jurisdiction over the case because complete diversity does not exist between all parties to the action. Although it appears that Plaintiff and the only remaining non-diverse defendant, Kelly-Moore Paint Company, Inc. ("Kelly-Moore"), are in the process of settling, Kelly-Moore has not been dismissed and no judgment has been entered releasing Kelly-Moore from this action. Under California law, a settlement is enforceable and a judgment may be entered if the parties file a signed writing for settlement of the case, or personally appear before the court and agree orally to the terms of the settlement. *See* Cal. Code Civ. Proc. § 664.6. This has not happened with respect to Plaintiff's claims against Kelly-Moore, so Kelly-Moore remains in the case and its California citizenship must be considered for purposes of diversity jurisdiction. This is not a case in which Plaintiff had evidently abandoned her claims against a defendant by, for example, failing to serve the defendant with process, nor is the non-diverse defendant a sham. And, Plaintiff's counsel's statement at the pre-trial conference to the effect that Plaintiff will not be proceeding against Kelly-Moore at trial is not conclusive

because it clearly depended on the settlement actually being completely consummated; should the settlement fall apart, Plaintiff could still presumably pursue her claims against Kelly-Moore. The Court has reviewed the cases Defendant cites against remand, and none of them are persuasive: none of the California cases deal with an analogous situation, and the cases dealing with law other than California law (the majority of Defendant's cases) are irrelevant. By contrast, the Court is persuaded by the well-articulated reasoning in *Tyler v. Am. Optical Corp.,* No. LACV1602337JAKASX, 2016 WL 1383459 (C.D. Cal. Apr. 7, 2016), a case on all fours with the present case, that Plaintiff's pending settlement with Kelly-Moore does not trigger complete diversity.

(3) The Court also finds that Defendant's removal was unjustified and appears to have been part of a litigation strategy to delay Plaintiff's imminent trial. The Court finds that the fourteen (14) hours Plaintiff's counsel spent preparing the remand motion was reasonable, and that counsels' hourly rates of $450 and $350, respectively, for a total of $5,700, are also reasonable. **Colgate-Palmolive Company is therefore ORDERED to pay Plaintiff the reasonable costs and attorney's fees incurred in filing Plaintiff's *Ex Parte* Motion to Remand, in the amount of $5,700.00.**

IT IS SO ORDERED.

Dated: November 1, 2016

cc: Fiscal

_____

Hon. André Birotte Jr.